## FENTY v STATE OF FLORIDA
### Case No. 89-205AC
Eleventh Judicial Circuit, Dade County
February 1, 1991

### APPEARANCES OF COUNSEL

**David Mermell, Esquire,** for appellant.

**Robert A. Butterworth,** Attorney General, and **Avi Litwin,** Assistant Attorney General, for appellee.

Before HENDERSON, GREEN, LEVINE, JJ.

### OPINION OF THE COURT

LEVINE, J.

Fenty appeals the Trial Court's denial of his motion to invalidate Plea. Fenty pleaded guilty to Driving Under the Influence of Alcohol on May 21, 1986, at arraignment. He was not represented by counsel at that hearing. The transcript of the pleas reveals that the trial judge did not ask Fenty if he understood his rights and if he knew that he was waving[waiving] his rights by pleading guilty. Fenty allegedly

signed a "rights waiver form," but it was not included in the record on appeal. Moreover, the trial court made no independent inquiry of Fenty whether he could read, whether he understood the rights on the form, and whether he understood he was waiving those rights. The court only asked if he had signed the form.

Merely signing a "rights waiver form", without more, is insufficient to sustain a plea of guilty. The court must inquire of a defendant and find that the plea is knowingly, intelligently, and voluntarily entered, with the advice of competent counsel. See, *e.g. Tollet v Henderson,* 411 U.S. 258 (1973); *Boykin v Alabama,* 395 U.S. 238 (1969); *McCarthy v U.S.,* 394 U.S. 459 (1969); Florida Rules of Criminal Procedure 3.172. From the record submitted to this Court, it cannot be said that Fenty entered his plea in such a manner.

Accordingly, Fenty should have been allowed to withdraw his plea of guilty. The case is remanded to the trial court with directions to vacate the guilty plea and set the matter for trial, or for further proceedings consistent with this opinion.

REVERSED AND REMANDED

HENDERSON and GREEN, JJ., CONCUR.